**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
***Southern Division***

**BRANDON SMITH,** *

**Petitioner,** *

**v.** **Civil Case No. GJH-16-2103**
* **Crim. Case No. GJH-09-598**

**UNITED STATES OF AMERICA,**
*

**Respondent.**
*

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Currently pending before the Court is Petitioner Brandon Smith's Motion to Correct Sentence Under 28 U.S.C. § 2255. ECF No. 811. No hearing is necessary to resolve the Motion. *See* 28 U.S.C. § 2255(b). For the following reasons, Petitioner's Motion to Vacate is denied.

## I. BACKGROUND

On February 3, 2011, Petitioner pleaded guilty to one count of Conspiracy to Participate in a Racketeering Enterprise. ECF Nos. 436, 437. During sentencing, the Court determined that Petitioner was a career offender pursuant to U.S.S.G. § 4B1.1 based on prior convictions for robbery, attempted robbery, and resisting arrest with violence. ECF No. 811 at 1; 874 at 1.[1] On May 9, 2011, the Court sentenced Petitioner to a term of imprisonment of 276 months. ECF Nos. 508, 509.

On June 12, 2016, Petitioner filed his Motion to Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 811. The Motion requested relief pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). At the time Petitioner filed his Motion, there

[1] Neither the Pre-Sentence Report or the Sentencing Transcript are reflected on the electronic docket; however, the representations of the parties in their filings are consistent as to the key factual issues needed to resolve this Motion.

was a Standing Order in place ordering that scheduling in all pending and anticipated cases involving *Johnson* challenges be suspended pending further appellate litigation involving related issues. Petitioner filed a *pro se* Supplement to his Motion on May 15, 2017. ECF No. 835. On September 18, 2017, Counsel for Petitioner filed a motion seeking to withdraw his appearance, ECF No. 856, and the motion was granted on the same day, ECF No. 857. On March 6, 2018, the Government filed an opposition to Petitioner's Motion to Correct Sentence. ECF No. 874. Petitioner did not file a Reply.

## II. DISCUSSION

### A. Petitioner's Original Motion

In Petitioner's Motion, he argues that he is "no longer a career offender because his convictions for robbery, attempted robbery, and resisting an officer and his instant offense of racketeering conspiracy conviction no longer qualify as career offender 'crimes of violence'" as a result of the Supreme Court's holding in *Johnson v. United States,* 135 S. Ct. 2551 (2015). ECF No. 811 at 1. United States Sentencing Guideline § 4B1.1(a) provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

At the time of Petitioner's sentencing, the Sentencing Guidelines included a residual clause defining a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another." United States Sentencing Guidelines § 4B1.2(a)(2) (2011 edition). In *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's ("ACCA's") identical residual clause as unconstitutionally vague. 135 S.Ct. at 2557. Petitioner argued in his original Motion that the residual clause in the career offender provision of the

Sentencing Guidelines is therefore also void for vagueness. ECF No. 811 at 2. However, after Petitioner's filing, the Supreme Court rejected this precise argument in *Beckles v. United States*, 137 S.Ct. 886, 890–92 (2017) holding that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause;" therefore, "§ 4B1.2(a)'s residual clause is not void for vagueness."[2]

Accordingly, *Beckles* has foreclosed Petitioner's *Johnson* claim.

**B. Petitioner's Supplemental Motion**

In his *pro se* Supplemental Motion, Petitioner contends that as a result of the Supreme Court's holding in *Mathis v. United States*, 136 S.Ct. 2243 (2016), his Florida robbery conviction cannot be a predicate crime for career offender purposes. ECF No. 835. Petitioner's Supplemental Motion is untimely.

A one-year period of limitation applies to claims in a § 2255 motion. 28 U.S.C. § 2255(f). The limitation period runs from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. In this case, Petitioner's judgment was entered on May 11, 2011. ECF. No. 509. Petitioner's judgment became final after the period for appeal expired on May 25, 2011, *see* Fed. R. App. P.

---

[2] The Court reasoned that "unlike the ACCA," "the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. at 892.

4(b)(1)(A) (providing that a defendant must file a notice of appeal within 14 days after entry of judgment), and thus the period of limitation under 2255(f)(1) ran until May 25, 2012. Both his original Motion and Supplemental Motion were filed well after that date.

Petitioner also fails to show that his *Mathis* claim is timely pursuant to § 2255(f)(3) because *Mathis* did not set forth a new rule of constitutional law, *see Mathis,* 136 S.Ct. at 2257 (indicating its decision was based on longstanding precedent); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (holding *Mathis* did not announce a new rule of constitutional law made retroactive by the Supreme Court). And, as other Courts have held, any argument that the Supplemental Motion is timely because it relates back to the timing of the original *Johnson* claim would also fail because, for the reasons stated above, Petitioner's *Johnson* claim is futile in light of *Beckles*. *See Lee v. United States*, No. 5:14-CR-16-BO, 2018 WL 1787737, at *2 (E.D.N.C. Apr. 13, 2018) (finding that Petitioner's attempt to supplement *Johnson* petition with claim based on *Mathis* was untimely where his *Johnson* petition had been foreclosed by *Beckles)*; *Walker v. United States*, No. CR RWT-12-0199, 2018 WL 3105948, at *3 (D. Md. June 25, 2018) (finding that petitioner's attempt to supplement *Johnson* petition with argument based on *Mathis* was improper).

Thus, Petitioner's Supplemental Motion also fails.

## III. CERTIFICATE OF APPEALABILITY

"A Certificate of Appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims presented debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g.*, *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v.*

*Lee*, 252 F.3d 676, 683 (4th Cir. 2001). This legal standard for issuance has not been met, and accordingly, no certificate of appealability shall issue in this case. Denial or a certificate of appealability, however, does not prevent a petitioner from seeking pre-filing authorization for a successive motion under 28 U.S.C. § 2255.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Correct Sentence, ECF Nos. 811, 835, is denied. A separate Order shall issue.

Date: February 12, 2021

_/s/__________________________
GEORGE J. HAZEL
United States District Judge